## STILLWELL v. TOMLINSON.

1. Where, in a suit against the heirs for a debt of the ancestor, under the statute, (*Nix. Dig.* 380) the writ was served upon one of the defendants, and as to the others, an order was taken for them to appear, &c., and that it be served and published as provided by the supplement of March 3d, 1853—*Held*, that the declaration should be against all the defendants, and filed within thirty days from the return of the writ if any defendant has been summoned.
2. What the effect of the declaration, after filed, in case all the defendants are not brought before the court? *Query.*
3. In case of judgment by default against absent defendants, published, the entry of judgment should show they were brought into court.

In case.　On motion to non-pros.

Argued at June Term, 1873, before Justices BEDLE, WOODHULL and SCUDDER.

For the defendants, *P. L. Voorhees.*

For the plaintiff, *F. F. Westcott.*

The opinion of the court was delivered by

BEDLE, J.　This suit was brought against the heirs for a debt of ancestor, under the statute. *Nix. Dig.* 380.* The writ was made returnable March 20th, 1873. It was served upon one of the defendants, and as to the others, an order was taken for them to appear on or before May 31st, 1873; also that it be served or published as provided in section one, of the supplement of March 3d, 1853. *Nix. Dig.* 380. The declaration was filed May 31st, and a motion is now made to non-pros, for not having filed it within thirty days from the return day of the summons, one of the defendants having been returned summoned. The question was to be settled entirely upon the construction of section two of the supplement referred to. That section contemplates the filing of the declaration before the time limited for appearance has expired; for if no appearance, judgment by default may be immediately entered, at the expiration of the time, " provided

*Rev.*, p. 476.

Stillwell v. Tomlinson.

a declaration shall have been duly filed;" and if an appearance is entered, although it may have been on the last day, the absent defendants must plead thereto within thirty days from the expiration of the time limited by the rule, "the plaintiff having filed a declaration." Although the section is not free from difficulty, it seems to have been assumed that the declaration would be filed before the time for appearance has elapsed. It is entirely practicable to so construe the act, and by holding that the declaration should be filed within thirty days from the return of the writ, if any defendant is summoned, it gives such defendant a speedy and fair oppotunity to be informed of the merits of the demand. The declaration should be against all of the defendants, and filed within thirty days from the return of the writ, if any defendant has been summoned. What may be the effect of it, after filed, in case all the defendants are not brought before the court, need not now be raised. The declaration was filed out of time, as against the defendant served, but the motion to non-pros is denied on account of the uncertainty of the question. A rule, upon him, will be necessary in order to compel him to plead. As to the other defendants, I do not see how they can complain of any failure to file the declaration before May 31st.

Each party must pay his own costs.

N. B.   In a case of judgment by default against absent defendants, published, the entry of judgment should show how they were brought into court.